**SO ORDERED.**

**DONE and SIGNED December 2, 2020.**



_____
**JOHN S. HODGE**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | | |
|---|---|---|
| IN RE | ) | Case No. 20-10616 |
| | ) | |
| RWDY, INC. | ) | Chapter 11 |
|     Debtor | ) | |
| | ) | Judge JSH |
| | ) | |
| | ) | |

**CONSENT ORDER AUTHORIZING EMPLOYMENT OF
STOUT RISIUS ROSS, LLC AS FINANCIAL ADVISOR TO THE
<u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF RWDY, INC.</u>**

Upon the amended application (the "<u>Application</u>") [P-196] of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of RWDY, Inc. (the "<u>Debtor</u>") in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), for entry of an order authorizing the Committee to employ Stout Risius Ross, LLC ("<u>Stout</u>" or "<u>Applicant</u>") as financial advisor to the Committee in this Chapter 11 Case, *nunc pro tunc* to October 6, 2020, pursuant to § 1103(a) of title 11 of the

United States Code; and upon the Verified Statement of John D. Baumgartner (the "Baumgartner Statement"), attached to the Application as Exhibit C; and the Court having jurisdiction pursuant to §§ 157 and 1334 of title 28 of the United States Code to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to §§ 1408 and 1409 of title 28 of the United States Code; and the Court being satisfied that notice of this Application and the opportunity for a hearing on this Application was appropriate under the particular circumstances and no further or other notice need be given; and the Court being satisfied, based on the representations made in the Application and the Baumgarten Statement, that Stout does not represent or hold any interest adverse to the Debtor or its estate as to the matters upon which Stout has been and is to be employed, and that Stout is a "disinterested person," as such term is defined in § 101(14) of the Bankruptcy Code; and the Court having determined that the relief sought in the Application is in the best interests of the Committee, the Debtor, its creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, and the Court noting the negotiated order presented by the Committee, the Debtor and Seacoast National Bank ("Seacoast"), it is hereby ORDERED that:

1. The Application is GRANTED as set forth herein.
2. In accordance with §§330 and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Committee is authorized to employ Stout as its financial advisor, *nunc pro tunc* to October 6, 2020, on the terms and conditions set forth in the Application, as modified herein.
3. Stout shall apply for compensation and reimbursement in accordance with the procedures set forth in §§ 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, and any fee and expense guidelines of this

Court. For billing purposes, Stout shall keep its time in one-tenth (1/10) hour increments, all billing records filed in support of any fee applications will include an open and searchable LEDES or other electronic data format, and billing records will use standard bankruptcy project categories consistent with the US Trustee's guidelines.

4. Any compensation and reimbursement sought by Stout under this Order shall be limited to the sum of $50,000.00 (the "Soft Cap"), without prejudice to the Committee and Stout's ability to seek an increase of the Soft Cap from the Court should they deem it necessary. Any Application to exceed the "Soft Cap" must provide a clear and detailed description of the proposed services and demonstrate specific facts to establish: (i) the reasons for the selection of Stout to perform the proposed services; (ii) how the services to be rendered by Stout will provide tangible, identifiable and material benefit to the estate; (iii) the anticipated cost of those services; and (iv) how Stout will eliminate, or at least reduce, the duplication of effort. The principal focus of Stout's services will be to assist the Committee with (i) review, analysis and preservation of the Debtor's and affiliates' records, which the Committee has previously subpoenaed, related to potential trustee causes of action under 11 U.S.C. §§ 544, 545, 546, 547, 548, 549, 550 and/or 551; (ii) the review of the financial projections and feasibility; and (iii) to advise the Committee whether Stout concludes that confirmation of the Debtor's plan, as filed or modified, is in the best interest of the unsecured creditors. Stout does not foresee performing any valuations or a liquidation analysis.

5. Stout shall used its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in this Chapter 11 Case.

6. To the extent the Application or the Baumgarten Statement is inconsistent with this Order, the terms of this Order shall govern.

7. Nothing contained in this Order is intended nor shall it serve to modify or otherwise adversely effect any of the rights that were provided to the Debtor and Seacoast in connection with this Court's Final Order Authorizing Debtor to: Maintain and Continue to Operate under Purchase Agreement in Order to Sell Accounts Post-petition to Seacoast Business Funding a division of Seacoast National Bank and to Incur Credit From Seacoast Business Funding a division of Seacoast National Bank pursuant to 11 U.S.C. Section 363(b), (c), (f) and (m); (ii) Grant Seacoast Business Funding a division of Seacoast National Bank Adequate Protection in the Form of First Priority Liens and Security Interests on Property of the Debtor's Estate Pursuant to 11 U.S.C. Sections 364(c), 364(d)(1), 364(e) and 507; (iii) Modifying the Automatic Stay; (iv) Granting Related Relief *nunc pro tunc* dated July 17, 2020, [D.E. 95], except to the extent that the Carve-Out provided in Section 13 is hereby increased as provided in Section 4 of this Order.

8. The Committee and Stout are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

###

**Respectfully submitted,**

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

By: /s/ Paul Douglas Stewart, Jr.
**Paul Douglas Stewart, Jr. (La. #24661) (T.A.)**
**Brandon A. Brown (La. #25592)**
301 Main Street, Suite 1640
Baton Rouge, LA 70802
Telephone: 225-231-9998
Facsimile: 225-709-9467

*Counsel for the Unsecured Creditors Committee*

ROBERT W. RALEY, ESQ.

By: /s/ Robert W. Raley
Robert W. Raley, La. Bar #11082
290 Benton Road Spur
Bossier City, LA 71111
Telephone: 318-747-2230
Fax: 318-747-0106
rraley52@bellsouth.net

and

AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC

By: /s/ Curtis R. Shelton
Curtis R. Shelton
La. Bar Roll No. 17137
Suite 1400, Regions Tower
3333 Texas Street (71101)
P.O. Box 1764
Shreveport, LA 71166-1764
Telephone: (318) 227-3500
Facsimile: (318) 227-3806
E-mail: curtisshelton@awsw-law.com

**Counsel for Debtor**

ULLMAN & ULLMAN, P.A.
7700 West Camino Real, Suite 401 Boca Raton, Florida 33433
Telephone: (561) 338-3535
Fax: (561) 338-3581


By: /s/ Michael W. Ullman
MICHAEL W. ULLMAN
Florida Bar No. 259667
Email: michael.ullman@uulaw.net
(Admitted Pro Hac Vice)

**Co-Counsel for Seacoast National Bank**